## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MIKE WIDNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 17-cv-2186-MMM** |
| | ) | |
| **STACIE BRUENS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to a serious medical need at the Ford County Jail ("Jail").  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff, a pretrial detainee, has a history of high blood pressure and heart attack.  On August 11, 2017, he experienced severe headache, chest and stomach pain, and began vomiting blood.  He notified Deputy Tardiff, not a party, who called Defendant Bruens, the Jail Administrator.   Defendant Bruens took Plaintiff's vital signs and noted a blood pressure of 191/119.  She initiated a medical protocol and phoned Defendant Dr. Lochard, offering the

opinion that the vomiting of blood was caused by irritation from antibiotics and blood pressure medication. Dr. Lochard ordered .3 mg of Clondine which Defendant Bruens administered. Plaintiff claims that he continued to experience chest and stomach pain, though apparently no further vomiting. Plaintiff asked to be seen when a medical doctor was at the Jail the following day, but Defendant Bruens refused.

Plaintiff claims that he should have been seen by a physician on August 11, 2017, and not merely had jail staff relay orders. He asserts that the Defendant Sheriff Dolan, Ford County and Advanced Health Care Solutions, Dr. Lochard's employer, had an unconstitutional policy which allowed this practice. Plaintiff does not, however, claim that he was injured as a result of the policy. Here, the bleeding apparently stopped after he was administered the Clondine. As a result, it would not have made a difference whether Dr. Lochard had ordered the medication in-person or over the phone. While Plaintiff alleges that he continued to be in pain and should have been seen, this was apparently not caused by the tele-med policy but, rather, Defendant Bruens' refusal to schedule him. This, especially, as Plaintiff does not allege that Dr. Lochard was told that he continued to experience pain after the August 11, 2017 intervention.

As Plaintiff does not allege that he was injured due to the policy in question, the claim against Ford County, Sheriff Dolan and Advanced Health Care Solutions is DISMISSED. *See Teesdale v. City of Chicago,* 690 F.3d 829, 833 (7th Cir. 2012) (plaintiff must show the policy not only causes, but is the 'moving force' causing the constitutional deprivation.)

While Plaintiff names Dr. Lochard, he directs no allegations against him and does not allege that Dr. Lochard was told that Plaintiff continued to experience stomach and chest pain. "[T]to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.

2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Dr. Lochard is DISMISSED.

Plaintiff makes a statement that retaliation is unlawful, without identifying any retaliatory actions by Defendants. He also complains that he was denied unspecified hygiene supplies and that he went five months without a haircut. These claims are too vague to state a constitutional claim and, further, represent an impermissible misjoinder. *See Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013) (plaintiff may join several defendants in one suit only if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants." *See also*, Fed.R.Civ.P. 20(a). This case shall procced on the claim Defendant Bruens was deliberately indifferent to Plaintiff's complaints of stomach and chest pain and for not scheduling him to be seen by a physician on August 12, 2017.

The Court notes that Plaintiff has filed a petition to proceed in forma pauperis [3]. The Court has reviewed Plaintiff's trust fund ledgers which show that on February 17, 2017, he had a balance of $1147.84. In the ensuing six months he received deposits, mostly gifts, in the amount of $2,509.00. Plaintiff makes regular commissary and phone card purchases to the extent that on the last date of the six month look-back period, he had only $80.40 in his account. Plaintiff had filed a prior complaint, *Widmer v. Ford County Illinois*, No. 17-2155 (C.D.Ill Jul. 6, 2017), in which the Court determined that, as Plaintiff had an average monthly income of $500, he could pay the $400 fee over a three-month period. When Plaintiff failed to do so, the case was dismissed.

Plaintiff's more recent ledgers reveal an average monthly income of $418.16. The Court finds, therefore, that Plaintiff has the ability to pay the $400 filing fee and orders that he do so

over a four-month period.  [3] is DENIED and Plaintiff is ordered to pay the filing fee over a four month period or his case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED:IT IS THEREFORE ORDERED:**

1.      This case shall proceed solely on the claims of deliberate indifference against Defendant Bruens.  All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.   Defendants Ford County, Doran, Lochard and Advanced Health Care Solutions are DISMISSED.

2.      Plaintiff's petition to proceed in forma pauperis [3] is DENIED.  Plaintiff is ordered to pay the$400 filing fee over a four month period.  If he fails to do so, his case will be dismissed without prejudice.  Plaintiff's Motion for Status Hearing [7] is rendered MOOT by this Order.

3.      The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.      Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2). ENTERED:  2/7/2018

_____s/ Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE